# THE

# New York Supplement.

## VOLUME 22.

---

BEARD et al. v. BEARD et al.

(Supreme Court, General Term, Second Department. February 13, 1893.)

1. TESTAMENTARY TRUSTEES—COMMISSIONS.
Where testamentary trustees continue the warehouse business of a testator, the amounts paid out for expenses of the business, but subsequently repaid in the general aggregate receipts, constitute a reinvestment of the principal of the fund in their hands, on which they are not entitled to commissions for their services. In re Hayden, 27 N. E. Rep. 409, 125 N. Y. 776, followed.

2. SAME—ACCOUNTING—INTEREST.
Code Civil Proc. § 2802, provides that any trustee created by will may file an intermediate account, and annually render, and finally judicially settle, his accounts before the surrogate, and in all such annual accountings of such trustee the surrogate shall allow to the trustee the same compensation for his services as is allowed to executors and administrators. *Held*, that where there has never been a complete distribution of income, and the trustees withdraw their commissions in advance of an allowance thereof by the court, they are chargeable with interest from the date of such withdrawal to the date of the decree finally settling their accounts. Wheelwright v. Rhoades, 28 Hun, 57, followed.

Appeal from judgment on report of referee.

Proceedings by William H. Beard and others for passing and allowing their accounts as executors and trustees under the last will and testament of William Beard, deceased. From certain portions of a judgment entered on the report of a referee, they appeal. Affirmed.

The opinion of the referee is as follows:

"All the issues which were raised by the objections to the account filed by the respective counsel have, by unanimous consent, been reduced to five questions, the first two of which are only considered on this appeal: (1) The amount upon which the trustees are entitled to receive commissions. (2) The right of the trustees to withdraw and retain their commissions prior to the making and entry of a decree allowing the same; and as a corollary of this, the liability of the trustees to account for interest on the full amount retained by them for their commissions.

"1. The accounts of the plaintiffs, as trustees, have never been judicially settled. This action is the first proceeding which has ever been initiated by the trustees for that purpose, and consequently the amount to which they are entitled for their commissions has never been allowed or judicially determined by any court. Trustees are entitled to receive the same compensation as is allowed

by statute to executors for their services. Under ordinary circumstances the application of this statutory rule would not be difficult. In the matter pending before me, authority is conferred upon the trustees, by the will of the testator, to carry on the storage business upon the so-called 'Erie Basin Property.' Under this authority the trustees did carry on that business from the date of testator's decease, January 8, 1886, until January 1, 1888.

During this period the total receipts of the business amounted to..$607,272 91  
Profits turned over to trustees.......................$317,200 00  
Cash on hand...................................... 3,760 37  
Expense........................................... 286,312 54  
                                                     $607,272 91

"The dispute between the parties arises in relation to the item of $286,312.54. It is contended in behalf of plaintiffs that, inasmuch as the unusual and extraordinary duty of carrying on a great storage business was cast upon them by the will of the testator, the law must have contemplated the payment of commissions upon all sums received and paid out in the conduct of the business, as a compensation for such extraordinary and unusual services. On the other hand it is contended in behalf of the defendants that the 'receiving' of sums of money which did not go to swell the capital of the estate and property in their hands, and the 'paying out' of sums of money for the expenses of the business, which were repaid in the general receipts of the business, are not such a receiving and paying out as are contemplated by the statute, but that the receiving and disbursing of all such sums, in the mere conduct of the business, constitute reinvestments of capital. The law is well settled in this state that executors and trustees are not entitled to commissions upon reinvestments of the principal or capital of the fund in their hands. In re Kellogg, 7 Paige, 265; Morgan v. Hannas, 13 Abb. Pr. (N. S.) 361. Betts v. Betts, 4 Abb. N. C. 317, 436. If the amounts paid out as an expense of the business, and subsequently repaid to the trustees, in the general aggregate receipts of the business, constitute such a reinvestment, then the trustees cannot be allowed commissions upon the same. If the principle contended for by plaintiffs were applied to such a business, in which the capital invested is frequently turned several times each year, and the rate of profit is small, the trustees' commissions would certainly exceed the net return from the business, and it would only be a question of time when the trustees' commissions would absorb the capital. Moreover, the application of the rule contended for might operate as an inducement to trustees to continue an unprofitable business, because its continuance would increase their compensation. The courts certainly will not favor such a construction of the statute as will render trustees liable to such a temptation. I am of the opinion that commissions should not be allowed upon any sums received and paid out in the conduct of the Erie Basin storage business which it would not have been necessary to pay out if the business had not been carried on by the trustees, but that commissions should be computed upon the net profits of the business.

"2. The trustees have from time to time drawn from the fund, and paid to themselves, various sums of money on account of commissions. Section 2802 of the Code of Civil Procedure provided that 'any trustee created by any last will and testament * * * may at any time file an intermediate account, and also annually render, and finally, judicially settle, his accounts before the surrogate. * * * In all such annual accountings of such trustee, the surrogate, before whom such accounting may be had shall allow to the trustee or trustees the same compensation for his or their services, by way of commission, as are allowed by law to executors and administrators.' If the accounting proceeding be brought in the supreme court, then that court, instead of the surrogate, must allow to the trustees their compensation. The general rule is well established by numerous authorities that commissions are allowed only by order of the court, and by the decree which judicially settles the executors' and trustees' account, and that executors and trustees have no authority to appropriate sums to their own use, as commissions, until they have been so allowed. If trustees do retain and appropriate sums to their own use in advance of such allowance by the court, it is a misappropriation, and they are chargeable with interest from the date of withdrawal to the date of the decree finally allowing the commissions, and determining their amount. In Wheelwright v. Rhoades, 28 Hun, 57, 59, Judge Davis, in his opinion, says: 'The statute fixes the rate of compensation to executors and administrators, and provides the mode in which it shall be ascertained and paid; and until that statutory requirement is complied with

the executors have neither power nor right to pay themselves, at their own discretion. * * * The course of the executors in this case, although taken in good faith, and under the advice of counsel, ought not to have been sanctioned, because of its danger as a precedent.' In this case there has never been any settlement of the income account; there has never been a time when there was not a balance of income in the hands of the trustees; there has never been a complete distribution and payment of income to those entitled under testator's will. In fact, it now remains as one of the questions to be determined in this action, as to whether a large amount of income has not been applied to the payment of certain permanent improvements and betterments of real property, which should have been paid for out of the capital of the estate. The underlying and necessary condition to be fulfilled, to entitle trustees to deduct and retain commissions from income, is that there shall have been a settlement of the income account, and a payment over to beneficiaries of the entire balance of income in the hands of the trustees. Such has not been done in this case. I am therefore of the opinion that the plaintiffs should account for all accounts withdrawn by them on account of commissions, with interest from the dates of such withdrawals, respectively."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Johnson & Lamb, for appellant William H. Beard.

Hoadly, Lauterbach & Johnson, (George Hoadly, of counsel,) for appellant Merrick D. Lawrence.

Edward Hinman, for respondents Beard and others.

Steele & Dickson, for respondent Isabella B. Hinman.

Oliver T. Beard, for respondent Ida M. Welton.

John T. Barnard, for respondent O. T. Beard.

DYKMAN, J. This is an appeal from certain portions of a judgment entered upon the report of a referee in an action for passing and allowing the accounts of the plaintiffs as executors and trustees under the last will and testament of William Beard, deceased. We think the case falls within the decision of In re Hayden, 7 N. Y. Supp. 313, 54 Hun, 197, where the judge who wrote the opinion for the court said:

"The buying and selling incident to the conduct of a manufacturing or other business, is, at best, a species of reinvestment of the trust funds. If commissions were to be allowed each time a stock in trade were purchased or sold, it is quite probable, as well as possible, for a case to arise where the executors' commissions would largely consume the body of the estate."

The judgment of the general term in that case was affirmed, upon the opinion of the general term, by the court of appeals, 125 N. Y. 776, 27 N. E. Rep. 409. As we concur in the views expressed by the referee, and with the two opinions of the judge at special term, it seems unnecessary to elaborate those views.

The judgment should be affirmed, with costs.