By the Court. Hoffman, J.
This was an appeal from an order made at the special term on the 30th of June, 1853, the case being heard on the pleadings alone.
The plaintiff sets forth that he was a special partner in the firm of Hamlin, Sloan & Squires, composed of the defendants *518 and himself, under written articles of partnership, dated the 1st of January, 1849, and stated in the complaint. He sets out the grounds of his action in detail, and the relief sought is an injunction, receiver, an account of the partnership transactions, and payment of the amount which may be found due.
The averments in the answer need not be stated until the points raised in the cause are discussed.
The order at the special term was made upon the pleadings alone, and directed that the defendants pay and deliver to the plaintiff the sum of $6000 which appears by the pleadings to be a just claim on the part of the said plaintiff from the said defendants, and applicable to the payment of the plaintiff’s claim herein, and that the said sum be chai'ged against the plaintiff on a final settlement .of the accounts of the firm of Hamlin, Sloan & Squires. This is the first branch of the order which is appealed from, the other clause objected to will be afterwards noticed.
The appeal is taken on behalf of the defendants, Hamlin and Squires. These defendants alone appeared by counsel on the hearing below. The order probably was meant to extend to them only.
As to the defendant S.quires, the complaint itself states that he had received only the share which he was entitled to under the articles of partnership, and that all the assets are in the hands of the defendant Hamlin. It is not perceived how the order can be sustained as against him.
But apart from this, and as to the defendant Hamlin, we consider the order to be incorrect. We regard the fifth subdivision of the 244th section of the Code which has been referred to, as recognising and declaring the rule which prevailed in the court of chancery, and as going no further. It was very clearly settled in that tribunal, that an application to pay money into court, or to a party before final decree, or, at least, before a report of a master, must be founded upon a full and explicit admission in the answer, or examination of the defendant, of a sum being due. The court will not examine the case to decide whether it is so. The order would not be granted if any examination of books „ or accounts was necessary to attain the result. It was refused in one case, though made upon the affidavit of an accountant *519 that from, an examination of schedules and books of the defendant a certain sum was due. (Mills v. Hanson, 8 Vesey, 68; Roe v. Gudgeon, Cooper’s Cases 304. See also the important case of Gilbert v. Colt, before Chancellor Sandford, stated from MSS. 1st Hoffman’s Ch. Pr. 323 n.)
Is there any such plain admission in the answer of this sum of $6,000, being due by the defendants or either of them to the plaintiff 2
The plaintiff alleges “ that there is due to him on account of his share in the said partnership the sum of $14,600 as nearly as he can estimate the same. That he has endeavored to ascertain the partnership property in the hands of Hamlin. That permission to the book-keeper to make out the settlement has been refused. But that from such information as he is able to obtain,” he alleges “ that there is now in the hands of said Frederick Y. Hamlin, belonging to the said firm, subject to distribution and due to the said plaintiff in great part, the sum of $6,000, and that said Hamlin refuses to make distribution of the property of the partnership.”
In reply to this allegation the defendants referring to it explicitly aver, that “ the debts have been paid; that there are no liabilities of the firm ‘(with some specified exceptions); that the amount of the assets, exclusive of certain discounted notes, is about $33,500, and including such notes, about $40,000; and that the extent of the right or interest of the said Coursen therein is believed to be as hereinafter stated.”
They then proceed to set out various counter demands, which they insist should be allowed against the plaintiff’s share of these assets. There is clearly nothing like an admission of liability in a definite sum to be found here. The court must be compelled to ascertain by a minute examination of the case as presented, whether a sum may be considered as due. The authorities cited show that this duty is not imposed upon it.
But if it were imposed, the result in this case would not be certain; that is, it would not clearly appear that Hamlin owes the plaintiff on this account $6,000 or about that sum; or ever had on hand moneys from the assets to pay him.
From an examination of the statements in the pleadings the following are probably the results.
*520 That the debt to the plaintiff is about the sum claimed of $14,200. That the debt of the defendant Hamlin to the firm at the date of the answer was not over $1,600. That the outstanding assets were about $33,000. That these enter into the computation of profits, and of course make part of the debt due to plaintiff. It is on the assumption that the assets can be realized, that he becomes entitled to the debt which he claims. But upon clear principles in settling partnership accounts, the assets are first to be applied inpayment of demands of creditors or partners made quasi creditors, and the personal responsibility of each for his balance due is only to be ultimately resorted to.
There is nothing on these pleadings to show that Hamlin had, at the date of his answer, any amount in hand from this sum of $33,000.
It is by no means to be concluded that the statements thus made are accurate or approach to accuracy. It is only considered that these are the most probable results from the pleadings as they now stand.
The next objection of the defendant is, to that part of the order which directs that the alleged claims set up in the answer, by way of counter-claim on the part of the defendant Hamlin, be disallowed.
As to the counter-claim which is stated to have arisen by reason of a demand against the plaintiff, arising out of the concerns of the firm of "Fitch, Sloan & Hamlin, we are of opinion that the matter cannot be entered upon in this suit; that the members of that firm should be parties to any proceedings to adjust it.
The other alleged counter-claims are for a compensation for services rendered in settling the concerns of the firm of Fitch, Hamlin & Sloan, and Hamlin, Sloan & Teft. Besides other objections, it is sufficient to say that there is no statement of an express agreement to pay for such services; and that a partner cannot, without such agreement, be allowed a compensation.
The order is in these particulars correct. The order of the special term must be vacated as to the direction to pay over the $6,000, and be, in all other respects, affirmed.