Duncan *v.* Ainslie.

one-fifth of its value. The purchaser who objects admits that what he bought sold for less than half its value. The sale was advertised for one day and postponed to another by the plaintiff, on account of the extremely low prices at which sales were made. The motion to rescind the sales as to those who do not oppose must be granted, as by default. As to the other purchaser he does not strenuously oppose, but he should receive a fair indemnity, for his costs and counsel fees ; something for the loss of a bargain. Let him be paid $250 to cover all his losses and in lieu of the gain which he might have made. And let the property be readvertised : the defendants also first paying to the plaintiff $10, the costs of this motion, and all the costs on the former advertisements and sales.

[NEW YORK GENERAL TERM, December 27, 1857. *Mitchell, Clerke* and *Davies,* Justices.]

Duncan and others *vs.* Ainslie and Hicks.

Where a defendant by his answer admits a part of the plaintiff's claim to be just, the court may on motion, under sub. 5 of sec. 244 of the code as amended in 1857, direct judgment to be given for the plaintiff for the amount of the claim admitted to be just, without prejudice to his right to proceed in the suit, for the balance claimed by him.

COMPLAINT filed to recover $1366.45, the amount of a promissory note made by the defendant Ainslie, payable to the order of, and indorsed by, the defendant Hicks. The defendant Hicks claimed a payment on the note of $145.22. The defendant Ainslie made the same claim in his answer, and as to the balance of the plaintiffs' claim neither of the defendants denied the same to be just. At a special term an order was made for judgment for the plaintiffs, for the balance of their claim, after deducting the payment of the said sum of $145.22, and judgment was rendered therefor for the plaintiffs,

under section 244 of the code, without prejudice to the right of the plaintiffs to proceed in the suit for the balance claimed by them.

From this order an appeal was taken by the defendants.

*Dean & Townsend,* for the appellants.

*H.·W. Robinson,* for the respondents.

*By the Court,* DAVIES, J.    The last clause of the fifth subdivision of the 244th section of the code was amended at the last session of the legislature, so as to read :· " When the answer of the defendant, expressly, or by not denying, admits part of the plaintiff's claim to be just, the court on motion may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy." The amendments made at ·the last session were, by inserting after the word " defendant," the words " expressly or by not denying," and after the words " enforces a," the word "judgment." Previous to this amendment it was ·doubted whether or not in· all cases, where the defendant admitted part of the plaintiff's claim to be just, the court might not enforce the payment of that portion of his claim thus admitted, as it enforces a provisional remedy, that is, by commitment as for a contempt. This point was fully considered by Justice Clerke, in the case of *Lane* v. *Losee,* (11 *How.* 360,) and· we entirely agree with him, that the legislature could never have intended that where, in an action on contract in which the defendant was not liable to arrest, he admitted part of the plaintiff's claim to be just, for such part so admitted payment could be enforced as for a contempt. If the plaintiff recovered the residue of his claim, confessedly he could not imprison the defendant on the execution to be issued thereon. It was well held in that case that the legislature could never have intended to enforce payment of the part of the claim which was admitted, by the summary process of commitment for a contempt, when, as to the

Duncan *v.* Ainslie.

residue, the defendant would not be liable to imprisonment on the excution issued on the judgment. This would be punishing the defendant most seriously for his honesty in admitting what was just, and holding out a great temptation to litigate and deny just claims. But we think, to obviate all such doubts, the legislature have properly amended this subdivision, by saying how the court may enforce the order, viz. as it enforces a judgment or provisional remedy. In this case the court have sought to enforce the payment of that part of the claim admitted to be just, by way of judgment. That was what the plaintiffs were entitled to, on the admission of the defendants. If they had not answered at all, the plaintiffs would have had judgment for the whole amount of their claim. The defendants having admitted part of it to be just, they take judgment for the part so admitted, in the same manner as though they had had judgment for the whole of their claim.

We do not doubt that, in proper actions, the legislature have given to this court the power, when part of the plaintiff's claim is admitted, to enforce satisfaction, if it be in the case of a provisional remedy. Such cases frequently arise, and the ends of justice imperatively require that such power should be vested in this court.

We think the order appealed from was correct, and the same should be affirmed with costs.

[New York General Term, December 21, 1857. *Mitchell, Clerke* and *Davies,* Justices.]