## NEW-YORK SUPERIOR COURT.

### MICHAEL GUIET and others agt. JOHN MURPHY.

A *part* of an *entire demand* arising upon a promissory note, may now be admitted by the answer, under the last paragraph of section 244 of the Code, and the *order* made to satisfy the same may be enforced as a *judgment.* But *it seems,* not as a provisional remedy. (*This is adverse to the views expressed in the case of Russell* agt. *Meacham,* 16 *How.* 193, *so far as allowing the splitting up of an entire demand is concerned.*)

*New -York Special Term, January,* 1860.

THIS is an application for an order under section 244 of the Code, that the defendant satisfy part of the plaintiff's claim.

M. PORTER, *for plaintiffs.*
BERNARD HUGHES, *for defendant.*

MONCRIEF, Justice. The complaint is upon a promissory note made by the defendant, for the sum of $351, and demands judgment for that sum, and interest from November 8th, 1859.

Campbell agt. Proprietors of the Champlain & St. Lawrence Railroad.

The answer " admits that the defendant is indebted to said plaintiffs in the sum of $276," and also alleges matter upon which he claims to recoup the sum of $75.

I entirely concur in the views expressed by Judge WOOD-RUFF, in 3 *E. D. Smith*, 614 (*and see also* 599 *and* 607), and can perceive no reason why the present is not just such a case as was intended to be embraced by the provision of the Code (*see also* 26 *Barb.* 200 ; 16 *How.* 193.)

The cases in this court are not, I think, in conflict with the opinion referred to. In 4 *Sand.* 673, the answer did not admit a specific sum due. In 2 *Duer*, 513, the answer did not admit a definite sum due to the plaintiff, and it required a critical examination of the pleadings to ascertain a specific sum to be due.

Some doubts being expressed (11 *How.* 360 ; 4 *Sand.* 711), as to the mode of enforcing such an order, the Code was amended in 1857, and the question is now relieved of any such embarrassment as then did, or was supposed to exist.

An order should be entered, directing the defendant to satisfy the part of the plaintiff's claim, viz., $276, admitted to be just, and that such order be enforced by judgment and execution against the property of the defendant, without prejudice to the right of the plaintiffs to continue the action, and the trial of the issues between the parties, as to the residue of the claim made by the plaintiffs.