By the Court.—Curtis, J.
In the case of Smith v. Olssen (4 San. 711), decided in 1852, it was held that the court would not make an order like that applied for here, where the defendant before answering served the plaintiff with a written offer, allowing the latter to take judgment for the part of the claim so admitted. But the reason which the court assigned for this refusal was obviated by the amendment of section 244 of the code in 1857, and since then it has been the practice to grant the application, although an offer has been made and rejected. When the justice of a part of the plaintiff’s claims is admitted, both by the answer and by an offer to submit to a judgment, an additional reason exists for extending the remedy granted by the legislature. A refusal is in substance saying, to the plaintiff, you shall have nothing of what the defendant admits belongs to you until the end of the litigation (Duncan v. Ainslie, 26 Barb. 201; Roosevelt v. N. Y. & H. R. R. Co., 45 Barb. 554; Guiet v. Murphy, 18 How. Pr. 411).
In the present cause there is no splitting up of the cause of action, as the admission in the answer relates only to the making of the sewing machines, for which one thousand two hundred and fifty dollars is claimed as due by the plaintiff, and for which the defendant admits seven hundred and fifty dollars to be due. There appears to be no just reason why this amount of seven hundred and fifty dollars should be withheld from the plaintiff, which.the defendant concedes is due to him, and about which there is no manner of controversy, and the payment of which to the plaintiff can in no way prejudice the right of either party in proceeding by legal steps to determine the real matters in controversy between them. To hold otherwise would defeat the right of a party to the relief afforded by this wise "and equitable provision of the law.
This right is a substantial right, when the admis *317 sion in the answer “ admits part of the plaintiff’s claim to be just” in conformity to section 244 of the code, it being in the nature of a right to a judgment, and no question arises as to whether a party can appeal from an order affecting it.
The order appealed from should be reversed with costs of appeal to the appellant, to abide the event of the suit.
Speir, J., concurred.