(114 App. Div. 455.)

## CLAUSEN v. PUVOGEL et al.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. PARTNERSHIP—DEATH OF PARTNER—SURVIVING PARTNER AS ADMINISTRATOR OF DECEASED—CONTINUANCE OF BUSINESS—COMPENSATION OF SURVIVING PARTNER.

A surviving partner, who during the continuance of the partnership had been entitled to draw a certain weekly salary for his services in managing the business, continued to conduct the business after the death of the other partner, and continued to draw the salary. Neither the co-administratrix nor next of kin of the deceased partner objected to the continuance of the business, nor did it appear that they consented that the surviving partner might continue to draw the salary. *Held* that, on settlement of the accounts of the surviving partner as administrator of the deceased partner, the surviving partner was properly charged with the amount withdrawn by him as salary.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, §§ 536, 560.]

2. SAME—ACCOUNTING—IMPROPER CREDITS—INTEREST.

Where a surviving partner who carried on the business for some time was required to account for the profits thereof, he was not chargeable with interest on amounts improperly withdrawn by him as salary.

3. PAYMENT—RECOVERY OF PAYMENT—MISTAKE OF LAW.

A surviving partner, who was one of the administrators of his deceased partner, carried on the firm business for some time as surviving partner, and purchased a large portion of the stock, giving his note for part of the price. The surviving partner's coadministratrix did not consent to the continuance of the business or object thereto. The surviving partner finally paid the note to the estate with compound interest. *Held* that, on his accounting as administrator, he was not entitled to recover the difference between the compound interest paid and simple interest, as having been paid under a mistake of fact.

4. SAME—DISBURSEMENTS—PURPOSE—BURDEN OF PROOF.

Where a surviving partner, who had without authority continued to conduct the firm business, was required to account, he was properly charged with the amount of certain checks which he was unable to prove had been used for the firm business.

Appeal from Special Term, New York County.

Action by Anna M. Clausen against Henry Puvogel and others. From a judgment confirming the report of a referee, the defendant named appeals. Modified and affirmed.

On the 6th day of May, 1890, Richard Holsten, since deceased, and Henry Puvogel by written articles formed a copartnership for carrying on a livery business in the city of New York, to be continued "until a termination thereof may mutually be agreed upon." They were to share the profits equally. Holsten was to be permitted during the continuance of the copartnership to carry on the liquor and saloon business, and Puvogel was to give his

entire time and attention to the supervision and management of the business, and to be permitted to withdraw therefor from the receipts of the business the sum of $25 per week as salary, "the same to be considered an expense of carrying on said business." They purchased a livery business at 394 Fourth avenue for $20,000. Each member of the firm contributed $6,500 in cash, and they raised about $9,000 on notes of the firm, secured by a chattel mortgage upon firm assets. The evidence tends to show that neither party was experienced in that line of business, and that they paid for the property purchased about twice what it was worth. They continued business under their copartnership articles until the 17th day of February, 1891, when Holsten died. At that time the notes had not been paid, and the entire copartnership assets were not worth more than $7,500. The surviving partner and the widow of the deceased partner were appointed administrators. Puvogel continued the business until the 31st day of August, 1894, apparently without objection on the part of his coadministratrix or the next of kin, but the record does not show that they either consented to his continuing the business or acquiesced therein, or agreed that he might continue to draw the weekly salary as before. On the last-mentioned date he sold the firm assets at public auction, realizing thereon the sum of $7,654.30, and became a purchaser himself to the extent of $5,728.20 thereof. On account of his own purchase, he paid $1,000 in cash, and gave a demand note for $1,101.50 and a note for $3,626.70, payable in 60 days to the order of the estate of his deceased partner, retaining possession of both notes. The larger of these notes he paid, with compound interest, in 1903, and seeks in this action to recover back the excess over the legal rate of interest. At the time of the accounting he had not paid the other note. Puvogel, after the death of his partner, continued to draw the weekly salary as before until the business was sold, and the aggregate thus drawn out by him on account of salary was $4,614.29. His account has been surcharged with this amount, together with interest thereon at 4 per cent. per annum, aggregating $1,881.81. The referee also surcharged the account of Puvogel with four checks, payable to the order of bearer, aggregating $650, and the appellant claims this was error. It appears that the debts of the deceased partner have been settled, and that the surviving partner has settled with the next of kin, excepting the plaintiff, one of the daughters of the decedent, who brought this action in the right of the personal representatives of her father's estate for an accounting after the administratrix refused to bring the same. The complaint demands an accounting from the formation of the partnership to its dissolution by the death of Holsten, "and for an accounting of all his dealings with and transactions in regard to the property, assets, and effects of said firm since its dissolution, * * * and the profits of the said business, and the property sold and disposed of by him, either as surviving partner or otherwise, and of the moneys collected and received and paid out by him on account thereof." After issue joined, Puvogel filed an account to which objections were filed, and thereupon the order of reference was made by consent. The appellant made diligent effort to sell the business at private sale from time to time after the death of his partner, and finally at the time the sale was made the lease was about to expire, and the landlord desired possession, and the appellant therefore concluded to close out the business at public auction. The business as conducted by the appellant after the death of his partner was prosperous. He succeeded in paying off the firm notes, and realizing a net profit of $11,603.35, as found by the referee. The referee found that the amount still due and owing from the appellant as surviving partner to the estate of the decedent was $5,692.72. The appellant contends that the judgment should be reduced to $1,878.31, by deducting the amount with which his account was surcharged for salary, together with interest surcharged on account thereof, by crediting him with the difference between simple interest and compound interest on the note which he paid to the estate, and by charging the four checks, aggregating $650, for which he is unable to account, to profit and loss, so that the estate of the deceased partner would share the loss equally with him. The referee found that the appellant continued the business as "surviving partner."

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-SON, LAUGHLIN, and CLARKE, JJ.

Hamilton R. Squier, for appellant.
Jerome Eisner, for respondent.

LAUGHLIN, J.   The principal contention of the appellant is that he should have been allowed the salary.   It is urged that he continued the business in good faith; that he did not deny that he was continuing it for the benefit of the estate of the deceased partner, as well as for himself, and that as he made a substantial profit, in which the estate of his deceased partner shares equally, it is but equitable that he should be allowed compensation for his services.   Upon the facts presented there is no room for questioning the appellant's good faith in continuing the business, and it would seem equitable and right that he should be compensated for his services, which resulted in a profit, and enables the plaintiff and others interested in the estate of her father to receive a substantial distributive share.   The court, however, is without authority to compel the plaintiff to do equity in this particular case without disregarding a wholesome rule, which it is essential to preserve inviolate.

It has long been the established rule that a surviving partner should not be allowed any compensation for his services in liquidating the business, King v. Leighton, 100 N. Y. 394, 3 N. E. 594; Slater v. Slater, 78 App. Div. 449–459, 80 N. Y. Supp. 363; Burgess v. Badger, 82 Hun, 488, 31 N. Y. Supp. 614; Skidmore v. Collier, 8 Hun, 50; Coursen v. Hamlin, 2 Duer, 520.   It is the duty of an administrator, and, in the absence of a direction for the continuance of the business of the decedent in his will, of an executor, to dispose of the business, and convert it into cash with all reasonable dispatch, having due regard for the interests of the next of kin or beneficiaries and creditors (Riddle v. Whitehill, 135 U. S. 621, 10 Sup. Ct. 924, 34 L. Ed. 283; Gilmore v. Ham, 142 N. Y. 1–8, 36 N. E. 826, 40 Am. St. Rep. 554); and a continuance of the business beyond a reasonable time for this purpose is unauthorized.   An administrator or executor is ordinarily confined to the fees or commissions prescribed by statute, and if the business of the decedent be continued under authority contained in the will, the services rendered by the executor in continuing it are deemed part of the duties of his office, and he cannot receive therefor any compensation other than the commissions allowed by law.   Matter of Hayden's Estate, 7 N. Y. Supp. 313, 54 Hun, 197, affirmed 125 N. Y. 776, 27 N. E. 409, on opinion at General Term.   In Matter of Hayden, supra, it was held that a son employed by his father at a salary of $5,000 per annum, appointed executor of his father's will, and authorized thereby to continue the business in his discretion, electing to continue it under an arrangement with his coexecutors that he should receive the same salary as during the lifetime of his father, was not entitled to an allowance for the salary on an accounting; it appearing that there were infants in interest for whom lawful consent thereto had not been given.   If, however, the appellant had continued the business at the request of all parties in interest, and they

were competent to consent, then doubtless he would have been entitled to receive the salary which he appears to have justly earned. Matter of Braunsdorf, 13 Misc. Rep. 667, 35 N. Y. Supp. 298, Id., 2 App. Div. 73, 37 N. Y. Supp. 229; Lent v. Howard, 89 N. Y. 169. See, also, Burgess v. Badger, 82 Hun, 488, 31 N. Y. Supp. 614, and Robinson v. Simmons, 146 Mass. 167, 15 N. E. 558, 4 Am. St. Rep. 299. It follows, therefore, that the appellant's account was properly surcharged with the amount of the salary withdrawn by him.

I am of the opinion, however, that his account should not have been surcharged with interest on the moneys which he drew out as salary. The plaintiff, in the circumstances disclosed had her election to have an accounting to the estate as of the date of the death of her father, and to demand that the surviving partner account for and pay over the share of the assets of the estate to which she would be entitled, together with interest thereon, or, instead of asserting this claim for interest, to claim the profits of the business, which, according to her theory, was wrongfully conducted by the appellant with the firm assets. Having made such election, she is only entitled to an accounting for the principal and for the profits which take the place of interest. In such case the appellant is not obliged to account in detail for the business as conducted by him, and he may in the first instance merely account for the profits, but the contestant is then at liberty to show that the profits are greater than the amount admitted. Matter of Peck, 79 App. Div. 296, 80 N. Y. Supp. 76, affirmed 177 N. Y. 538, 69 N. E. 1129. It is manifest that the accounting for profits is confined to an inquiry as to the actual profits, and not to the profits that might have been realized had the business been conducted differently. Matter of Peck, supra. It is evident, therefore, that on the accounting the propriety of disbursements other than to the appellant himself cannot be investigated. If, in addition to being charged with the amount with which he has credited himself as salary, he is also to be charged with interest thereon, then the court is revising the profits, and adding thereto, without proof that the amount added on account of interest was earned. Since he was not entitled to the moneys withdrawn for salary, he should be charged therewith as if the moneys were still in his hands, and they are thus considered in arriving at the profits. In the ordinary case of a copartnership accounting, partners are not liable for interest upon moneys withdrawn, because until there is an accounting, and the balance is ascertained, it cannot be said whether the partner was owing the firm or the firm was owing him. Johnson v. Hartshorne, 52 N. Y. 177. Although the rule is not applicable here, yet the effect of limiting the plaintiff to requiring an accounting for the profits is the same. The money withdrawn earned no profits in the business, and therefore no profits by way of interest or otherwise can be charged. The compound interest on the note was paid voluntarily—there was no mistake of fact. If a mistake at all, it was merely a mistake of law. The appellant, instead of paying cash for the estate's share of the property, as he should have done, gave a note therefor, and thereby deprived the estate of the use of the money. There is no insuperable obstacle to recovering back money paid under a mistake of law or fact or

even negligently, provided the position of the party receiving it has not changed so that he will be prejudiced. Mayer v. Mayor, 63 N. Y. 455; Martin v. Home Bank, 160 N. Y. 190, 54 N. E. 717. In this case, however, it appears that the appellant continued the business without authority, and that he refused to account. In Johnson v. Hartshorne, supra, the court said:

"Compound interest may be charged in cases of bad faith, refusal to account, and private use of money, and the question of its propriety was a question of fact for the referee, whose decision is conclusive. There were facts from which the referee might conclude to make this charge. 2 Kent Com. 231, note; Collyer on Part. § 336, note 3."

The money having been paid voluntarily, therefore we are of opinion that the referee was justified in refusing to permit the plaintiff to be credited therewith.

The remaining claim is that the appellant should have received credit for the checks. His books of account were inaccurate, and it was difficult to ascertain the true state of the accounts. While the propriety of a disbursement if made in the business could not, as already shown, be considered, the burden was upon the appellant to show that the disbursements evidenced by these checks were made in the business. That he has failed to do, and his account was therefore properly surcharged therewith.

It follows, therefore, that the judgment should be modified by deducting the amount charged for interest on the amounts withdrawn for salary and interest thereon, and, as so modified, affirmed, without costs. All concur.