### WELLS v. DISBROW et al.

*(Supreme Court, General Term, First Department. October 20, 1892.)*

1. ACTION AGAINST EXECUTORS—COSTS.

In an action against an administrator for an accounting, and to recover the balance of a legacy bequeathed by his decedent, costs will not be allowed against the administrator, on the establishment of the claim, where the same was never presented in verified form and with vouchers, and where no steps were taken for its collection until six years after the death of the legatee.

2. SAME—EMPLOYMENT OF AGENT.

The employment or payment of agents by an executor to collect the rents of, and manage certain real estate belonging to, his decedent's estate is not wasteful or extravagant, where such real estate consists of a drug store with apartments above.

Appeal from judgment on report of referee.

Action by Charles E. Wells, as administrator with the will annexed of William Florence, deceased, against Florence Disbrow, individually, and as administratrix with the will annexed of Elizabeth Sands, deceased, and James A. McLaughlin and others, as executors of John Burke, deceased, for an accounting, and to recover the balance of an alleged legacy claimed to be due the estate of William Florence, deceased. From a judgment in favor of plaintiff, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Martin J. Keogh,* for appellant. *Arthur T. Hoffman,* for respondent Charles E. Wells. *Townsend & Mahan,* for respondents John A. McLaughlin and others.

O'BRIEN, J. The defendants appeal; the appellant Disbrow from the entire judgment, and the appellants McLaughlin and others from so much of the judgment as refused to credit their testator, John Burke, deceased, with commissions paid to the real-estate agents for collecting the rents. No serious·question of fact is presented, and for the purpose of determining the questions raised we may avail ourselves of the statement of facts fully set out in the appellant Disbrow's brief. The action is in equity for an accounting. Plaintiff seeks to recover certain arrears of a legacy bequeathed to William Florence by the will of Elizabeth Sands, deceased.· The legacy·is contained in the fourth paragraph of her will, which is as follows: "*Fourth.* I direct my said executors to pay over to my brother William Florence, of Mamaroneck, Westchester county, New York, out of my rents or income, the sum of fifty dollars ($50) per month during his natural life, and in case his wife survives him and remains a widow, then I direct my said executors to pay over to her the sum of twenty dollars ($20) a month as long as she remains his widow." The seventh clause of the will provides as follows: "*Seventh.* I direct my said executors to pay the interest on bond and mortgage on my property, corner of Tenth street and Avenue C, and also the taxes and assessments, and to keep the said premises in good repair, and the balance of· rent and income, from whatever source received, shall be deposited in the Dry Dock Savings Bank by my said executors, and applied upon the payment

of the said bond and mortgage, and after the said bond and mortgage shall have been fully paid and discharged, then all the balance remaining over and above the expense on my property shall be paid over once in each year to my niece, the said Florence Disbrow, wife of William H. Disbrow, for her sole use and benefit." The eighth clause of the will provides as follows: "*Eighth.* After the decease of my brother William Florence and his wife, Margaret, I give and bequeath all the rest, residue, and remainder of my estate of every kind soever to my niece Florence Disbrow, wife of William H. Disbrow, for her sole use and benefit forever." Elizabeth Sands died on the 9th day of March, 1874. William Florence died on the 23d day of October, 1883. William Florence lived, after the death of Elizabeth Sands, 10 years, 7 months, and 14 days, aggregating 127 months. The only property belonging to Elizabeth Sands at the time of her death from which she derived rent or income was the property known as 162 Avenue C, corner of Tenth street, in the city of New York, being the same property referred to in the seventh paragraph of her will. The net income derived from the real estate of Elizabeth Sands was not sufficient to pay the legacy of William Florence in full as it accrued during his life. The entire amount of net rents which accrued during the life of William Florence was applied by the executors in payment of the legacy of said William Florence. After the death of William Florence the executor of Elizabeth Sands paid to Margaret Florence her legacy of $20 per month, and $1,192.66 on account of alleged arrears of legacy claimed to be due to William Florence from income which accrued after the death of the legatee. The referee finds that the arrears of legacy remaining unpaid are $910.96, and that the interest thereon is $1,276.40. The defendant in her answer denies there is anything due to William Florence, and sets up as a counterclaim and set-off certain arrears of rent due upon a lease executed by William Florence and Margaret Florence and Mary Ann Lawton, and assigned by her to the defendant Florence Disbrow prior to the commencement of this action. The statute of limitations is also pleaded. The amount remaining unpaid on account of said lease aggregates the sum of $1,039.73 of principal, and interest thereon since October 23, 1883. William Florence left a will by which he directed his executors to pay all his debts. William Florence named his wife as executrix of his said will. She never qualified or took out letters testamentary under the will, and no letters were issued under said will until the 19th day of February, 1890, when letters were issued to this plaintiff as administrator with the will annexed. This action was begun on the 15th of April, 1890, within two months after the granting of said letters. Upon these facts several questions were presented to the referee for determination, and, as they are clearly and fully pointed out and covered by his report and opinion, it is unnecessary to again detail them, it being sufficient to state that the learned referee has in our opinion correctly disposed of all questions presented, except three, which may be briefly noticed.

1. As to allowing costs against appellants. Respondent's claim was never presented in a verified form with vouchers attached, and, although the personal representatives, within a reasonable time after October, 1884, when William Florence died, by securing the appointment of an administrator, or by the executrix named in his will qualifying, could have brought an action, they delayed until February, 1890, when the present plaintiff was appointed, and thereafter this suit began. The principal sum demanded in the complaint was $2,568.74, and interest from October 23, 1884. The referee, however, only awarded as principal the sum of $910. Apart from the consideration of appellant's right to litigate her right to counterclaim, or offset the debt due under the lease upon these facts, it is impossible to conclude that the plaintiff's claim was unreasonably resisted so as to entitle him to costs. Disbursements only should, therefore, have been allowed, without costs, and the judgment in this respect should be modified.

2. As to interest. The general rule as to interest upon a legacy is that it runs from the time when due. The legacy here was payable out of the "rents or income," and it could not be due and payable until there was income out of which it could be paid. In other words, the property of testator not being sufficient to produce a net income equal to the $50 per month bequeathed, it necessarily resulted that the time when payable was postponed until the source from which it could be paid came into existence. To hold otherwise would be, in effect, to declare that the failure of all of testator's property to produce a sum equal to the legacy each month created a debt each month against the testator, which the legatee would be entitled immediately to have satisfied out of the personal estate, or enforced against the real property. It would appear from the concession made by appellant that in October, 1884, sufficient income had accumulated in her hands, out of which the claim made by plaintiff, to the extent it was sustained, could be paid. The complaint demanded interest only from October, 1884, and we think, in the absence of any amendment or conformation of pleadings to proof, that plaintiff could get no greater relief than the evidence produced to support the complaint warranted. We do not, therefore, upon the pleadings and the proof, think that the plaintiff was entitled to recover more than the principal sum of $910, found by the referee, and interest thereon from October, 1884.

3. The referee refused to allow the defendants Burke's executors the sum of $477.09, paid by Burke as executor to the real-estate agents for collecting the rents of the property. The rate charged by the brokers of 5 per cent. on the amount was not held to be improper; but the learned referee thought that Dr. Burke should have collected the rents personally. He acted as executor of Elizabeth Sands, deceased, from the date of her death, in 1874, to his own death, in 1886, a period of about 12 years. The property, as shown, consisted of a drug store with apartments above. Out of the rents collected monthly from tenants, the taxes, insurance, repairs, and the incidentals connected with tenement property had to be paid. This is the work attended to mainly by the brokers, for which they were paid the 5 per cent. The total amount of the executor's commissions as allowed for the 12 years was $275.20. If the referee is correct in not allowing the sum paid the agents, the executor, in addition to services rendered, must lose the difference between the commissions allowed him as executor and the $477.09 paid the agents. We do not think that the employment or payment of the agents was shown to be either wasteful or extravagant, in view of the character of the property, and the amount should be allowed defendants Burke's executors. These modifications of the judgment will not necessitate a new trial, but, upon reforming the judgment in these particulars, it should, as so modified, be affirmed, without costs or disbursements to either party upon this appeal. All concur.