In the Matter of the Judicial Settlement of the Accounts of THE BINGHAMTON TRUST COMPANY, as the Temporary Guardian of the Property of WILLIAM W. MUDGE, an Infant, Appellant.

FRANCES BELKNAP, General Guardian of WILLIAM W. MUDGE, an Infant, Respondent.

*Guardian — when not allowed on an accounting the commissions paid to a real estate agent for collecting rents of the ward's estate.*

The general rule is that administrators, executors, trustees and guardians must perform, within reasonable limits, the actual manual labor requisite to the due execution of the trust reposed in them. When, however, from the peculiar nature and situation of the property, the services of a clerk, bookkeeper or agent are necessary, the expense involved in having such services rendered by them will be allowed.

A trust company was appointed temporary guardian of the property of an infant, who owned a house and lot and a block of stores, with apartments above. All such real property was situated in the same city and not far from the trust company's place of business. It was rented to nine different tenants. The temporary guardian, instead of collecting the rents itself, employed an agent for that purpose, paying him the usual five per cent commission.

Upon the trust company's accounting the surrogate found, as a fact, that the trust company was not warranted in employing an agent to collect the rents of the real property, and refused to allow the commissions paid to the agent as a disbursement.

_Held, that the surrogate's determination on the facts as to the lack of necessity for employing an agent to collect the rents should not be disturbed.

APPEAL by The Binghamton Trust Company, as temporary guardian of the property of William W. Mudge, an infant, from that portion of a decree of the Surrogate's Court of the county of Broome, entered in said Surrogate's Court on the 6th day of November, 1902, settling the accounts of said temporary guardian which disallowed an item for amount paid to an agent employed by the guardian to collect rents of real property belonging to the infant.

_W. J. Welsh_ and _F. W. Welsh_, for the appellant.

_Mangan & Mangan_, for the respondent.

HOUGHTON, J.:

The appellant, The Binghamton Trust Company, was appointed temporary guardian of the infant herein, and acted as such for upwards of six years, when the infant became fourteen years of age and chose another guardian.

The infant was possessed of a small personal estate, a house and lot, and a block of stores with apartments above, all situated in the same city and not far from the place of business of appellant. During the six years the gross rentals amounted to about $7,650. The property was rented to nine different tenants who paid a rental from less than $10 to $35 per month. Instead of collecting the rents itself, the guardian employed an agent for that purpose, and paid to him five per cent, the usual commission on the amount collected, which aggregated $382.65. On the accounting the surrogate disallowed this item as a disbursement on the ground that it was not a necessary expense in the administration of the estate, and that the guardian was not warranted, under the circumstances, in employing an agent for that purpose. From that determination this appeal is taken.

The general rule is that administrators, executors, trustees and guardians must perform within reasonable limits the actual manual

labor requisite to the due execution of the trusts reposed in them. (*Matter of Harbeck*, 81 Hun, 26, 28.)

When, however, from the peculiar nature and situation of the property, the services of a clerk or agent are necessary, the expenses of such service will be allowed. (*Lent* v. *Howard*, 89 N. Y. 169, 178.) So, too, under peculiar circumstances, a trustee may be allowed disbursement for office rent. (*Matter of Nesmith*, 140 N. Y. 610.) Real property may be of such character that the employment of an agent to collect the rents is a proper disbursement. (*Wells* v. *Disbrow*, 20 N. Y. Supp. 518; *Garvey* v. *Owens*, 35 N. Y. St. Repr. 133; *Fisher* v. *Fisher*, 1 Bradf. 335.) And a fair sum may be allowed as a disbursement for a bookkeeper, where the nature of the services are such as to warrant his employment. (*Merritt* v. *Merritt*, 32 App. Div. 442, 452.)

The propriety of disbursements of this character depends upon the peculiar situation of the estate. Cases are easily conceivable where the magnitude of the estate, or the complication of its affairs, would amply justify the employment of clerical services. So, too, real property may be rented to such character or number of tenants, or be so scattered, that it would be entirely justifiable to employ an agent to collect the rents. In the present case, however, the surrogate has found as matter of fact that the situation was not such as warranted the guardian in employing an agent at the expense of the estate, to collect the rents belonging to the infant, and we do not feel that we should disturb his finding in that respect. It was for him to judge in the first instance of the propriety of such disbursement, and nothing appears in the record which calls upon us to disturb his decision.

The decree should be affirmed, with costs.

Decree of Surrogate's Court unanimously affirmed, with costs.