In re BINGHAMTON TRUST CO. et al.

(Supreme Court, Appellate Division, Third Department. September 25, 1903.)

1. GUARDIAN—MANAGEMENT OF ESTATE—COLLECTION OF RENTS—EMPLOYMENT OF AGENT—CREDITS.

Where an infant was possessed of a small personal estate, a house and lot, and a block of stores, with apartments above, all situated in the same city, not far from the place of business of a trust company, which had been appointed his temporary guardian, and the property

was rented to nine different tenants, who paid a rental of from less than $10 to $35 per month, and during six years preceding the accounting the gross rentals amounted to $7,650, the surrogate's finding that the guardian was not warranted in employing an agent, at the expense of the estate, to collect such rents, was proper.

Appeal from Surrogate's Court, Broome County.

Judicial accounting by the Binghamton Trust Company, as temporary guardian of the property of William W. Mudge, an infant. From an order disallowing certain commissions paid to an agent for collection of rents, the guardian appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

W. J. & F. W. Welsh, for appellant.
Mangan & Mangan, for respondent.

HOUGHTON, J. The appellant, the Binghamton Trust Company, was appointed temporary guardian of the infant herein, and acted as such for upwards of 6 years, when the infant became 14 years of age, and chose another guardian. The infant was possessed of a small personal estate, a house and lot, and a block of stores, with apartments above, all situated in the same city, and not far from the place of business of appellant. During the 6 years, the gross rentals amounted to about $7,650. The property was rented to 9 different tenants, who paid a rental of from less than $10 to $35 per month. Instead of collecting the rents itself, the guardian employed an agent for that purpose, and paid to him 5 per cent., the usual commission, on the amount collected, which aggregated $382.65. On the accounting the surrogate disallowed this item as a disbursement, on the ground that it was not a necessary expense in the administration of the estate, and that the guardian was not warranted, under the circumstances, in employing an agent for that purpose. From that determination this appeal is taken.

The general rule is that administrators, executors, trustees, and guardians must perform, within reasonable limits, the actual manual labor requisite to the due execution of the trusts reposed in them. In re Harbeck, 81 Hun, 26, 28, 30 N. Y. Supp. 521. When, however, from the peculiar nature and situation of the property, the services of a clerk or agent are necessary, the expenses of such service will be allowed. Lent v. Howard, 89 N. Y. 169, 178. So, too, under peculiar circumstances, a trustee may be allowed disbursement for office rent. In re Nesmith, 140 N. Y. 610, 35 N. E. 942. Real property may be of such character that the employment of an agent to collect the rents is a proper disbursement (Wells v. Disbrow [Sup.] 20 N. Y. Supp. 518; Garvey v. Owens [Sup.] 12 N. Y. Supp. 349; Fisher v. Fisher, 1 Bradf. Sur. 335), and a fair sum may be allowed as a disbursement for a bookkeeper, where the nature of the services are such as to warrant his employment (Merritt v. Merritt, 32 App. Div. 442, 452, 53 N. Y. Supp. 127). The propriety of disbursements of this character depends upon the peculiar situation of the estate. Cases are easily conceivable where the magnitude of the estate, or the complication of its

affairs, would amply justify the employment of, clerical services.
So, too, real property may be rented to such character or number of
tenants, or be so scattered, that it would be entirely justifiable to em-
ploy an agent to collect the rents. In the present case, however, the
surrogate has found, as matter of fact, that the situation was not such
as warranted the guardian in employing an agent, at the expense of
the estate, to collect the rents belonging to the infant, and we do not
feel that we should disturb his finding in that respect. It was for him
to judge, in the first instance, of the propriety of such disbursement,
and nothing appears in the record which calls upon us to disturb his
decision.

The decree should be affirmed, with costs.

Decree of Surrogate's Court affirmed, with costs. All concur.