defendant had a right to treat the summons as void because of the express declaration in the statute that a mandate issued by a justice with a blank therein, either as to the date or otherwise, is void. The judgment appealed from must be reversed, with costs.

Judgment reversed, with costs.

---

(94 Misc. Rep. 547)

### In re HAMMER, Public Adm'r of Bronx County.

### In re MOLINO'S ESTATE.

(Surrogate's Court, Bronx County.   March, 1916.)

EXECUTORS AND ADMINISTRATORS ⬤109(3)—COMPENSATION—STATUTORY PROVISION.

Under Laws 1912, c. 548, § 3, as amended by Laws 1913, c. 825, creating the county of Bronx' and authorizing the public administrator to receive the same allowance for his services and expenses incurred as a county treasurer under former section 2667, Code Civ. Proc., and Code Civ. Proc. § 2692, providing that an administrator may pay from the estate in his hands his legal expenses, an objection to a charge by the public administrator for an expense of stenography and typewriting, on the ground that it was not a proper charge against the estate, there being no objection to the reasonableness of the expenditure and no contention that it was not made, will be overruled.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 438; Dec. Dig. ⬤109(3).]

Proceedings on the judicial settlement of the account of Ernest E. L. Hammer, Public Administrator of the county of Bronx, as administrator of the estate of Giovanni Molino, deceased.   Objection to account overruled, and account settled as filed and amended.

Ernest E. L. Hammer, of New York City, public administrator, in pro. per.

Daly, Hoyt & Mason, of New York City, for respondent.

SCHULZ, S.   Since the publication of the opinion of this court in Matter of Hammer (Molino Estate) 94 Misc. Rep. 36, 158 N. Y. Supp. 981, schedule C of this account there referred to has been amended on consent, and with the stipulation that the objections theretofore filed be considered amended so as to except to the allowance in said amended schedule C for stenography and typewriting "as not being a proper charge against the funds in this estate."   The matter presents the question whether the public administrator of Bronx county is entitled to charge against an estate of which he is administrator the reasonable expenses for typewriting and stenography incurred by him in the administration of the estate.

Under the provisions of the act erecting the county of Bronx (Laws 1912, c. 548, § 3, as amended by Laws 1913, c. 825) the public administrator is entitled to receive and retain to himself "the same allowance for his services and expenses incurred" as was allowed to a county treasurer under former section 2667 of the Code of Civil Procedure. Matter of Molino, supra.   Under the latter section a county treasurer must be allowed upon the settlement of his accounts for his expenses

as are other administrators and for his services double the commissions allowed by law.

Section 2692 of the Code of Civil Procedure provides that an administrator may pay from the funds or estate in his hands, from time to time, his legal and proper expenses of administration necessarily incurred by him, and that such expenses and disbursements shall be set forth in his account when filed, and settled by the surrogate. It follows, therefore, that the public administrator is entitled to pay his proper expenses of administration necessarily incurred by him, subject to review, when his final acounts are settled by the surrogate.

The preparation of letters and other documents in typewritten form and the employment of a stenographer for that purpose have become such well-recognized practices in business and in the practice of the law as to amount almost to necessities. The Legislature did not confer upon the public administrator the right to appoint a stenographer whose salary is payable out of the public funds (People ex rel. McDonnell v. Prendergast, 167 App. Div. 140, 152 N. Y. Supp. 938, affirmed, 217 N. Y. 604, 111 N. E. 1096); hence, if the court holds that an item of expense for stenography and typewriting is improper, the public administrator must either do the typewriting himself or pay for it and for the services of a stenographer out of his salary or commission. I should be unwilling to hold that an allowance for a reasonable expenditure for stenography and typewriting is improper in every case, unless adherence to the decision of some appellate tribunal makes this necessary. In People ex rel. McDonnell v. Prendergast, supra, there is a statement in the opinion which at first glance might appear to favor such a holding, for the court says:

"I am of opinion * * * that it was intended that he should, at his own expense, employ such services as might be necessary to enable him properly to perform the duties of the office."

If the question before the court at that time had been upon the right of the public administrator to an allowance upon his final accounting for moneys expended for stenographic work, I would feel concluded by the statement quoted, but the contrary appears to be the fact from the following, also appearing in the opinion:

"The general rule is that an administrator must personally perform, or at his own expense provide for the performance of all clerical duties incident to the administration (Matter of Binghamton Trust Co., 87 App. Div. 26, 83 N. Y. Supp. 1068); but we are not now concerned with the question as to allowance to the public administrator for expenses for clerical or other work."

While the rule is as stated, allowances have been made to executors for payments to bookkeepers, agents, clerks, and even for office rent. Merritt v. Merritt, 32 App. Div. 442, 452, 53 N. Y. Supp. 127, affirmed, without opinion 161 N. Y. 634, 57 N. E. 1117; Wells v. Disbrow, 20 N. Y. Supp. 518; [1] Garvey v. Owens, 12 N. Y. Supp. 349; [2] Matter of Nesmith, 140 N. Y. 609, 35 N. E. 942. The propriety of granting

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 65 Hun, 625.

[2] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 58 Hun, 609.

such allowances rests in the sound discretion of the court, and each case must necessarily be decided upon its own peculiar facts. I do not believe that upon the facts in this matter the general rule referred to is violated by permitting the item charged for stenography and typewriting to stand.

There being no objection to the reasonableness of the expenditure, and no contention that the same was not made, the objection is overruled, and the account will be settled as filed and amended.

Decreed accordingly.