In the Matter of the Estate of BERNHARD GRUNHUT, Deceased.

Surrogate's Court, Kings County, February 16, 1935.

*Morris J. Goldston*, for Milton Stern.

*Frederick C. Dowd*, for Jennie M. Grunhut.

*Frederick W. McGowan*, for the National Surety Corporation.

*Edward F. Keenan*, for the Superintendent of Insurance.

*Henry F. Wolf*, for the Mount Sinai Hospital.

WINGATE, S. The objections of the life tenant to the accounts of the resigning trustee are typical of the vast majority which beneficiaries raise in the unfortunately multitudinous cases where the trust fund was invested in guaranteed mortgages, and has encountered difficulties during the period since 1929.

Popular impression to the contrary notwithstanding, a guaranty of a mortgage has never added to the legality of this type of investment. The legal requirements respecting investments in this type of security are specified in section 111 of the Decedent Estate Law, and the presence or absence of contracts of guaranty neither adds to nor subtracts from the propriety of the underlying investment.

The allegations of the account set forth in precise detail the reasons why the accountant deemed it wise to release the guaranty and take possession of the property itself. Summarized in a word, such possession could not otherwise have been obtained, and the mismanagement of the properties under the substantial control of the guarantor made the pursuance of such a course imperative. The action of the trustee in assenting to the abrogation of the guaranty was authorized by the provisions of section 111 of the Decedent Estate Law and since the uncontroverted allegations of fact contained in Schedule H of the account make a *prima facie* demonstration of his prudent exercise of the authority thus expressly granted, the burden of going forward is imposed upon the objectant to show that such act was not prudent and that loss has occurred

as a proximate result thereof. (*Matter of Adriance*, 145 Misc. 345, 348.) This burden has not been sustained, wherefore the first and second objections must be overruled.

The third and fourth objections are premature as they relate merely to a question of apportionment of carrying charges between principal and income. The sole present question relates to the accountability of the resigning trustee for acts or omissions during his incumbency. If he has fully accounted for all assets shown to have come into his hands and is exonerated from any charge of culpable misfeasance or nonfeasance, he is entitled to the judicial settlement of his accounts and the precise manner of their set-up is not germane to these issues.

The objection to the act of the trustee in employing a firm of real estate brokers to manage the fifteen-family apartment which he was compelled to take over is wholly without merit. (*Wells* v. *Disbrow*, 20 N. Y. Supp. 518, 520; reported by memorandum only, 65 Hun, 625; *McWhorter* v. *Benson*, 1 Hopk. Ch. 28, 34; *Glover* v. *Holley*, 2 Bradf. 291, 294.)

The final objection is directed to the failure of the trustee to pay over to the life tenant the small cash balance of $1,275.18. In view of the fact that the sole asset of the trust is, in reality, a large apartment building, the preservation of which is essential to the welfare both of the life tenant and the remaindermen, it would be an act of gross improvidence for the trustee to disburse this small working capital.

It follows that none of the objections can be sustained.

Enter decree on notice.