John J. Dillon, S.
The prior account of the executor was judicially settled pursuant to a decree of this court dated September 12, 1957, and such account reflected the payment of $1,758.56 to a firm of accountants, of which the named trustee was a member. In the present trustee’s accounting proceeding, one of the respondents, who himself was not a party to the executor’s accounting proceeding, has raised an issue as to the reasonableness of the fee heretofore paid to the firm of accountants; and also as to the reasonableness of the attorney’s fees being sought for services rendered to the trustee.
In view of the petitioner’s dual capacity as trustee and as a member of the firm of accountants which represented the executor, the court has carefully reviewed the propriety as well as the reasonableness of the fees paid to the firm of accountants for services rendered to the executor. The decedent during his lifetime was engaged in business as a stockbroker and he owned a seat on the New York Stock Exchange. It appears that the firm of accountants had handled all of the decedent’s tax problems for a period of several years and upon the decedent’s death, the executor retained the same firm of accountants. The general rule that estate representatives must assume the responsibilities and exercise the discretions of their office as well as perform within reasonable limits the actual manual labor incidental thereto is well settled (Matter of Harbeck, 81 Hun 26, affd. 145 N. Y. 648). However, where the nature of the estate is such that its proper administration requires the services of an accountant, and where such services are, as in the instant case, beneficial to the estate, it is proper for the estate representative to retain an accountant and the court will allow a reasonable fee for such services. The court, after carefully considering the nature of the services rendered by the accountants, the size of the estate, and the results accomplished, determines that the fees paid to such accountants were fair and reasonable and accordingly the objection interposed thereto is dismissed.
The court also finds that based upon the factors enumerated in Matter of Potts (213 App. Div. 59, affd. 241 N. Y. 593) the attorney’s fees heretofore paid for services rendered to the trustee and the attorney’s fees being sought for services rendered in connection with the within proceeding are fair and reasonable and accordingly the remaining objection is likewise dismissed.
(Settle decree.