DWIGHT and MACOMBER, JJ., concurred.

Judgment affirmed, with costs.

---

IN THE MATTER OF THE FINAL ACCOUNTING OF THE EXECUTORS OF CHARLES J. HAYDEN, DECEASED.

*Will — insurance policies, on the husband's life, payable to the widow — what reference to them in his will makes them part of his estate and puts the wife to an election — continuing the testator's business — compensation therefor — commissions allowable to executors resigning their trust before its full execution.*

Upon cross-appeals from a decree of a Surrogate's Court, adjusting and settling the accounts of Charles A. Hayden and Ella L. Williams, as resigning executors of the last will of Charles J. Hayden, deceased, it appeared that by the second clause of the testator's will he provided as follows: "I give, bequeath and devise to my beloved wife, Esther Hayden, for and during the term of her natural life, the sum of $40,000, including the proceeds of any and all insurance policies on my life, payable to her or otherwise." * * * "I direct that said sum of $40,000 be invested by my executors in good bonds and mortgages on real estate, in accordance with the savings bank law, or invested in accordance with the law governing trustees, or the approval of the surrogate; and that the income shall be paid to my wife, semi-annually, by my executors during her life."

After giving his wife the homestead and household furniture he directed that the foregoing bequests and devises to his wife were in lieu of dower, and that if the use and income thereof should not be sufficient for her reasonable support and comfort in her station of life, that the executors should "pay any deficiency from any other property." By the sixth clause he directed the executors "to hold, in addition to such bequests and devise to her, and in reserve, at least the sum of $10,000 during her life," and to pay to her such proportion of the income, if any, as might be needed, to provide a comfortable and proper support for the wife; the residue of the income, if any, and on the death of the wife the principal to be paid to three residuary legatees.

Prior to the death of the testator he had taken out insurance policies upon his life, represented by four different policies, amounting in the aggregate to $15,000; three of which policies, amounting to $10,000, were payable to Esther Hayden, the wife of the deceased, and the other to his executors, administrators or assigns.

It was contended by the administrator with the will annexed, that the $10,000 of insurance payable to the wife was made a part of the testator's estate, and was included in the $40,000 mentioned in the second clause of the will; and was also, by the sixth clause of the will, included in the residue of the estate given, after the death of the wife, to the residuary legatees.

*Held*, that the residuary clause only disposed of what belonged to the testator himself, and could not be held to make any disposition of what belonged to his wife.

That the insurance policies, which were made payable to the wife of the deceased, belonged to Mrs. Hayden, and were her absolute property, and that she was entitled to retain and control the same.

That, in order to deprive a devisee or legatee of property rightfully his own, and raise a case of election under a will, a clear and decisive intention of the testator must be manifested by the will itself to dispose unconditionally of that which did not belong to him, and that no such clear intention could be found in the will under consideration.

That the "fund in reserve," in regard to which the direction was made, in the sixth clause of the will, was an additional $10,000, over and above the $40,000 previously mentioned in the will.

That the testator intended that the $40,000 mentioned in the second clause of the will should include the insurance money payable to his wife, but made no attempt to dispose of such insurance money after her death.

By the will of the testator his executors were authorized, in their discretion, to continue for a year the business of manufacturing and selling furniture, in which the testator was engaged at the time of his death.

It was contended that the surrogate erred in disallowing a charge for $2,083.33 made by the executor, Charles A. Hayden, for salary in conducting the furniture business of the testator from his death to the date of the executor's retirement.

*Held*, that an executor cannot receive from an estate any greater compensation for his services than the statutory commission, however meritorious or extraordinary his services may be.

*Lent* v. *Howard* (89 N. Y., 169) distinguished.

The surrogate denied commissions to the executrices Ella L. Williams and Esther Hayden, and allowed one-half commissions to the executor, Charles A. Hayden, upon the personal estate, namely, $155,973.33, that being the amount of the inventory and the increase thereof. It appeared that there was received and paid out, in the payment of debts and legacies, $12,577.26, and that there was received and paid out, in the management and conducting of the business, $58,844.36.

*Held*, that the executors, having resigned their trust before the final execution of the duties imposed upon them by law, were not entitled to a commission upon the *corpus* of the estate under the provisions of section 2736 of the Code of Civil Procedure.

*Matter of Jones* (4 Sandf. Ch., 615); *Matter of Allen* (29 Hun, 7) followed.

That the surrogate erred in allowing the executor one-half commissions on the inventoried value of the personal estate, and the increase thereon; and that, as the stock in trade was rapidly turned over, and no great profit was realized from

that transaction, it was manifest that the claim for commissions on the $58,844.36 was properly disallowed.

That, upon the $12,577.26, full commissions were properly allowed.

It was urged that, inasmuch as the personal estate of the testator exceeded the sum of $100,000 in value, the executor, Charles A. Hayden, was entitled, under the provisions of section 2736 of the Code of Civil Procedure, to three full commissions, he having done all the labor in managing the estate.

*Held*, that as section 2736 of the Code only provided for commissions when the trust had been fully administered, it had no application to a case where the trust was not executed and the executors resigned before their duties were finished.

APPEAL by Charles A. Hayden and Esther Hayden from so much of the decree of the Surrogate's Court of the county of Monroe made in the above entitled matter, and entered in the surrogate's office of Monroe county on the 13th day of May, 1889, as ordered and adjudged; that there remains in the hands of the said Charles A. Hayden the sum of $2,083.33, and, as ordered and adjudged, that the said Charles A. Hayden was entitled to $1,049.05 for commissions; also, an appeal by James P. Varnum, as administrator, with the will annexed, from that portion of the same decree which stated that Esther Hayden never received any property or money belonging to the estate; that the executors have fully accounted and that their accounts are settled; also, an appeal by Ella L. Williams from the same portions of the decree, and, also, from that part of the decree which adjudged that out of the balance remaining in the hands of Charles A. Hayden, as executor, he should retain the sum of $1,049.05 for commissions.

By the will the testator appointed his wife, Esther Hayden, his son, Charles A. Hayden, and his daughter, Ella L. Williams, his executors.

*George F. Yeoman*, for Ella L. Williams and J. P. Varnum, administrators, etc., appellants.

*Marsenus H. Briggs*, for Charles A. Hayden and Esther Hayden, respondents.

BARKER, P. J.:

This proceeding comes before this court upon cross-appeals from a decree of the Surrogate's Court of Monroe county, adjusting and settling the accounts of Charles A. Hayden and Ella L. Williams,

as resigning executors of the last will and testament of Charles J. Hayden, deceased.   The appeal of the administrator, J. P. Varnum, is for the purpose of reviewing the question of the right of Esther Hayden to retain upwards of $2,000 paid her upon policies of insurance upon the life of the testator, who was her husband.

Charles J. Hayden died April 9, 1888, leaving an estate of upwards of $250,000 in value.   By the second clause of his will he made the following provisions for his wife, to wit:

" *Second.* I give, bequeath and devise to my beloved wife, Esther Hayden, for and during the term of her natural life, the sum of forty thousand dollars ($40,000), including the proceeds of any and all insurance policies on my life payable to her or otherwise. *   *   *   I direct that said sum of forty thousand dollars be invested by my executors in good bonds and mortgages on real estate, in accordance with the Savings Bank Law, or invested in accordance with the law governing trustees, or the approval of the surrogate, and that the income shall be paid to my wife semi-annually by my executors during her life."

In the same clause the testator gives his wife the homestead, household furniture, and makes some other directions not material to consider here, and ends that clause of his will by directing that " the foregoing bequests and devises to my wife for and during her natural life are in lieu of dower, but if the use and income thereof shall be insufficient for her reasonable support and comfort in her station of life, I direct that my executors shall pay any deficiency from any other property."   Later in the will the testator, by a sixth clause, directed his executors to invest, " in all respects, as directed by the foregoing bequests to my wife for life, and to hold, in addition to such bequests and devise to her, and in reserve, at least the sum of ten thousand dollars ($10,000) during her life, and to pay the income thereof semi-annually as follows : Such proportion, if any, as may be needed for additional income to provide a comfortable and proper support for her in her station of life as directed in the second section of this will, and the residue of such income, if any, in equal shares among my three residuary legatees and devisees, namely, my son Charles, my daughter Ella and my granddaughter Maud. I direct the principal of such fund in reserve shall, after the death of my wife, and the payment of all my debts and the expenses of

settling my estate, and all claims hereby created, fall into and become part of the property hereinafter bequeathed and given to my said three residuary legatees."

The testator's will contains a clause disposing of the residue of his estate, one-third to his son Charles A. Hayden, one-third to his daughter Ella Williams, for life, with a remainder over to her children, and one-third to her granddaughter, Maud Bush, for life, with the remainder to her children. Some time prior to the death of the testator he had taken out insurance policies upon his life, represented by four different policies, amounting in the aggregate to $15,000, three of which policies, amounting to $10,000, were payable to Esther Hayden, the wife of the deceased, and the other to his executors, administrators or assigns.

It is contended by the administrator, with the will annexed, that the proceeds of the policies of insurance, which were by the terms thereof made payable to Esther Hayden, the wife, and which she had received from the insurance companies issuing the policies, should be paid over by her to the administrators, with the will annexed, upon the theory that the will makes the $10,000 insurance moneys a part of the estate of the testator, and that the provisions which the testator made for his wife were given and accepted by her in lieu of any rights she might have in the moneys in question, and that by electing to stand by the will she thereby relinquished any right to the insurance moneys in question. The equitable doctrine of election is invoked against her.

It is contended by the administrator, with the will annexed, that by the express terms of the will the $10,000 in question is made a part of the testator's estate by the provisions of the sixth clause of the will, which has been previously quoted, it is argued that the language of that clause saying, "I direct that the principal of such fund, in reserve shall, after the death of my wife, and the payment of all my debts, and the expenses of settling my estate, and all claims hereby created, fall into and become part of the property hereinafter bequeathed and given to my said three residuary legatees," applies to the $40,000 in the second clause of the will. We are of the opinion, however, that the "fund in reserve" in regard to which the direction is made is the additional $10,000,

over and above the $40,000 previously mentioned in the will, and by said sixth clause directed to be set aside as a "fund in reserve." This we are confident is the natural and proper construction of the clause, and this construction is supported by the residuary clause. "I give, bequeath and devise all the rest, residue and remainder of my property in three equal shares." The residuary clause only disposes of what belonged to the testator himself, and cannot be held to make any disposition of what was his wife's. (*Matter of Accounting of Frazer;* 92 N..Y., 250.)

The insurance moneys in question belonged to Mrs. Hayden. They were absolute property, and she is entitled to retain and control the same unless by electing to take under the will she becomes equitably bound to pay them over to the testator's estate, for it is conceded that she has chosen to abide by the will. The administrator insists that, by the will, the testator had attempted to dispose of property not his own, and at the same time given a benefit to the person to whom the property belongs; and that she must make good the testator's attempted disposition, and was required to relinquish either her own property or the devise under the will, within the rule laid down in *Leonard* v. *Steele* (4 Barb., 21); *Havens* v. *Sackett* (15 N. Y., 365). It seems well settled, however, in order to deprive a devisee or legatee of property rightfully his own and to raise a case of election under a will, a clear and decisive intention of the testator must be manifested by the will itself to dispose unconditionally of that which did not belong to him. (*Havens* v. *Sackett,* 15 N. Y., 365; *Mills* v. *Mills,* 28 Barb., 459; *Sheldon* v. *Bliss,* 8 N. Y., 35; 2 Redfield on Wills, 2352, pt. 21, subds. 13–16.) Can there be found in the will, under consideration any such clear intention? We think not. The surrogate happily expressed our own views when he said "the second clause of the will indicates his intention that the insurance moneys shall form a part of the sum of forty thousand dollars to be invested for her benefit during life, and also expresses his wishes as to the form of investment, but nothing more; and it is to be observed in this connection that the widow, to whom the insurance moneys were payable, is one of the executors who were directed to make the investment of them and of the rest of the $40,000; and that this direction as to the mode of investment did not, therefore, necessarily contemplate her ever

parting with the control and custody of the fund or the securities into which it might be put."

At the very most, the testator's will but gave to the person already entitled to its enjoyment the income of certain moneys without expressly making disposition of the principal sum upon her death. Under such circumstances this court is of the opinion that the surrogate rightfully refused to direct Esther Hayden to pay over the insurance moneys to the administrator with the will annexed, especially when the testator expressly declared that the provisions made in the second clause of the will were simply in lieu of dower, and not in consideration of her relinquishing her property right to the insurance moneys. It is contended that the surrogate erred in the disallowing a charge of $2,083.33, made by the executor, Charles A. Hayden, for salary in conducting the furniture business of the testator from his death to the date of the executor's retirement from his trust. By the will of the testator, his executors were authorized, in their discretion, to continue for a year the business of the manufacture and sale of furniture, in which the testator was engaged at the time of his death. It appears that Charles A. Hayden was familiar with the business, and at the time of his father's death was largely conducting the same under an arrangement with his father by which he was to receive a salary of $5,000 a year for his services, and that after his father's death his co-executors agreed to pay him at the same rate for continuing the business for the benefit of the estate. The charge made by him was upon that basis, for the time he continued to manage the business. If the persons making the agreement for this compensation were the only persons interested in the estate, they doubtless would not be heard to question the propriety of the charge, but the objection to it is made by infants who were not parties to the agreement, and upon their objection the charge was disallowed. An executor cannot receive from an estate any greater compensation for his services than the statutory commission, however meritorious or extraordinary his services may be. (*Collier* v. *Munn*, 41 N. Y., 143; *Clinch* v. *Eckford*, 8 Paige, 412; *Morgan* v. *Hannas*, 13 Abb. Pr. [N. S.], 361; *Betts* v. *Betts*, 4 Abb. N. C., 435.)

It is, however, claimed that within the rule laid down in *Lent* v. *Howard* (89 N. Y., 169), the executors should receive extra com-

pensation. In that case, however, the services rendered were not in the line of the executor's duty, while here the will expressly authorized a continuance of the business by the executors, and it was, in fact, continued by them as such; and in exercising their discretion to continue the business for the benefit of the estate, the executors were but doing a duty they owed their trust and the parties interested in it. While the rule in this and in other special cases may work a hardship, nevertheless it is, on the whole, a salutary and wise provision, and the surrogate committed no error in enforcing it in this case.

The surrogate's decree in adjusting the commissions of the executors denied commissions to Mrs. Hayden, and to Mrs. Williams, and allowed one-half commissions to the executor Charles A. Hayden upon the personal estate, namely, $155,973.33, being the amount of the inventory and the income thereon. It is insisted on behalf of the counsel for the executor Mrs. Hayden, that she is entitled, by virtue of the provisions of section 2736 of the Code of Civil Procedure, to whole commissions upon $155,973.33, and, on the other, hand it is contended by the counsel for the administrator that the executors, having resigned their trust before the final execution of their duties imposed on them by the will, are entitled to no commissions upon the *corpus* of the estate. This contention, we think, is the law. The rule is laid down in the *Matter of Jones* (4 Sandf. Ch., 615), followed and approved by this court in the *Matter of Allen* (29 Hun, 7). It is difficult to see how the executors in this case can legally claim any commissions on the body of the estate. It appears here that the executors voluntarily resigned their trust and an administrator with the will annexed was appointed in their place. The one-half commissions given by statute for receiving, is to be allowed only on the accounting when the trust fund is finally paid over and the trust discharged, and if for any reason the trustee does not perform the duty, his right to the commissions is not complete. As said in the *Matter of Allen* (29 Hun, 9), "if he (*i. e.*, the resigning trustee) is allowed commissions on the *corpus* of the estate, a precedent will be set which will authorize his successor to make the like claim under like circumstances, and the process may be repeated without limit, so that the estate may be depleted by taking from it a full commission on the capital (which exceeds $100,000

in value), whenever one of the trustees is permitted to resign for his convenience." To the same general effect is the case of *Matter of Baker* (35 Hun, 272).

We think, therefore, that the surrogate erred in allowing the executor, Charles A. Hayden, one-half commissions on the uninventoried value of the personal estate and the increase thereon. It appears that there was received. and paid out in the payment of debts and legacies $12,577.26, and that there was received and paid out in the management and conduct of the business $58,844.36, as to the first of the sums the will was fully executed, and full commissions should be allowed. (*Matter of Allen*, 29 Hun, 10.)

As to the second amount (namely, $58,844.36) received and disbursed in the management of the business, more difficulty exists. While it is apparent that the money was received and paid out in the execution of the provisions of the will and pursuant to the authority given by it, it, nevertheless, does not appear that from the business any profit or any advantage resulted to the estate. The buying and selling incident to the conduct of a manufacture or other business is, at best,. a species of reinvestment of the trust funds. If commissions were to be allowed each time a stock in trade were purchased or sold, it is quite probable, as well as possible, for a case to arise where the executor's commissions would largely consume the body of the estate. Especially where the stock in trade is rapidly turned over, and no great profit is realized from the transactions. It is quite manifest that the claim for commissions on the $58,844.36 was properly disallowed.

It has been further argued that inasmuch as the personal estate of the testator exceeded the sum of $100,000 in value, that, under the provisions of section 2736 of the Code of Civil Procedure, the executor, Charles A. Hayden, is entitled to three full commissions, he having done all the labor in managing the estate. Inasmuch as we have already held that the executors having resigned before executing are not entitled to commissions on the body of the estate, the only question remaining is whether three full commissions are to be allowed on the $12,577.26 received and paid out in the payment of debts and legacies, or whether the commissions allowed on that sum shall be confined to one full commission to the executor handling that sum.

Section 2736 of the Code provides for commissions where the trust has been fully administered. It evidently has no application to a case where the trust is not executed, and the executors resigned before their duties are finished.

In such a case we think no executor has the right to claim either for himself or for his associate executor the three commissions allowed by the section, and where one full commission is allowed on $12,577.26 he is receiving all the law can give. The decree appealed from should be modified by disallowing half commisions on the item of $155,973.33, and by allowing one full commission upon $12,577.26 to the executor, Charles A. Hayden, and, as so modified, the decree is affirmed, without costs to either party of this appeal.

DWIGHT and MACOMBER, JJ., concurred.

Decree modified so as to disallow the one-half commission to the executors on the $155,973.33, and to allow full commissions on $12,577.53 to the executor, Charles A. Hayden, as modified, affirmed, without costs to either party.