(160 App. Div. 64)

### COOK v. WRIGHT.

(Supreme Court, Appellate Division, Third Department. January 7, 1914.)

GUARDIAN AND WARD (§ 92*) — CONVEYANCE OF GUARDIAN — NECESSITY OF BOND.

    The general guardian of infants had purchased realty from the proceeds of personalty belonging to them, the realty being conveyed to him as guardian, and, after the buildings on the realty were burned, he applied to the Supreme Court for permission to sell the property, and the order granting such permission dispensed with the execution of a bond, reciting that he was already under sufficient bond, and the order confirming the sale required the proceeds to remain in the general guardian's hands. *Held* that, since, as between the infants and general guardian, the realty bought with the proceeds of the personalty still remained personalty in the guardian's hands, the failure to give bond upon making the sale ordered by the court did not render the purchaser's title defective.

    [Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 358–362; Dec. Dig. § 92.*]

Submission of controversy of Arthur J. Cook against George F. Wright. Judgment for plaintiff.

Argued before SMITH, P. J., and KELLOGG, LYON, and WOODWARD, JJ.

William A. Hendrickson, of Albany, for plaintiff.

Richard O. Bassett, of Albany, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JOHN M. KELLOGG, J.   The question submitted is whether plaintiff can complete his contract by conveying a good title to the premises sold the defendant.   John V. Shippey was the general guardian of his three infant daughters, and from their personal estate in his hands as such guardian he purchased the real estate in question.   The premises were conveyed to him as such guardian, and to his successors and assigns; the habendum clause in the deed reciting that the premises are to be held by him as such guardian, his successor and assigns.

The buildings upon the premises having been destroyed by fire, the infants and their general guardian applied to the Supreme Court for permission to sell the premises, and proceedings were had in the manner provided for the sale of infant's real estate in all respects except that the order appointing the general guardian for the purpose of the proceeding dispensed with the execution of a bond, reciting that the general guardian was already under sufficient bonds, and the order confirming the sale, after providing for the payment of the expenses, required that the remainder of the proceeds should remain in the hands of the general guardian.   The proceedings disclosed the manner in which the real estate had been acquired.   The plaintiff, the purchaser on that sale, received a deed executed by the special guardian, and later a conveyance from Shippey personally and as general guardian, in which his wife joined.   The question to be determined is whether the failure to give the bond renders the proceedings invalid and whether the plaintiff is in a position to transfer a marketable title and thus perform his contract of sale with the defendant.   We think that the infants, by the deed to the general guardian, acquired no legal title or interest in the premises, but, as between them and the general guardian, the premises still remained personal property in the hands of the guardian to be administered by him, and that therefore the failure to give the bond does not render the plaintiff's title defective.   Lockman v. Reilly, 95 N. Y. 64, 71; Haberman v. Baker, 128 N. Y. 253, 261, 28 N. E. 370, 13 L. R. A. 611; Storm v. McGrover, 189 N. Y. 569, 82 N. E. 160.

. The plaintiff being able to convey a marketable title to the defendant, under the stipulation the plaintiff is entitled to judgment for a specific performance of the contract according to the terms thereof, with costs. All concur; HOWARD, J., not sitting.