In the Matter of the Application of HENRY SIDENBERG and Others for a Judicial Settlement of Their Account as Executors of and Trustees under the Will of GUSTAVUS SIDENBERG, Deceased, and of ABRAHAM GOLDSMITH, for Leave to Resign as Executor, etc., of GUSTAVUS SIDENBERG, Deceased.

ROSA RICH, Appellant; HENRY SIDENBERG and Others, Respondents.

First Department, January 12, 1923.

Wills — testamentary trustees — trustees not entitled to commissions on gross receipts of business conducted by them, but on net income only, under Code of Civil Procedure, § 2753 (now Surr. Ct. Act, § 285).

The trustees of a testamentary trust are not entitled to commissions on the gross receipts from a business conducted by them but they are entitled to commissions on the net income therefrom only, under section 2753 of the Code of Civil Procedure (now Surr. Ct. Act, § 285).

APPEAL by Rosa Rich from so much of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 20th day of March, 1922, as confirmed the commissions on income taken by said executors and trustees.

*M. S. & I. S. Isaacs* [*Lewis M. Isaacs* of counsel], for the appellant.

*Samson Lachman* [*Theodore Baumeister* of counsel], for the respondents.

PAGE, J.:

The facts are stipulated. The controversy relates to the commissions taken by the trustees on the gross receipts of the Hotel Theresa, which constituted a part of the trust estate. The Hotel Theresa is a modern thirteen-story structure built by the decedent on the west side of Seventh avenue extending from One Hundred and Twenty-fourth street to One Hundred and Twenty-fifth street, containing on the ground floor a number of stores, as well as the general offices of the hotel business. Ten stories are devoted entirely to the hotel rooms, 295 rooms in all, divided into suites, with single rooms and with and without baths. The top floor contains a kitchen, restaurant and servants' quarters. The stores are rented

out to various permanent tenants under written leases made.by the estate. About twenty per cent of the rooms and suites in said property are likewise rented out under written leases. About fifty per cent of the rooms are occupied by various persons who have been in possession of their respective rooms for long periods of time. The remaining rooms are rented out to transients. Some of the tenants have furnished their own rooms and suites. There is maintained and operated in connection with the hotel building a restaurant, also a heating and lighting plant for the tenants of stores and rooms, also an ice plant and a laundry. The restaurant is maintained for the occupants of the rooms and others at a weekly rate for their board, and in addition to an *a la carte* business for transients. The disbursements chargeable to the restaurant business had exceeded the receipts credited thereto. The employees of the hotel and building received in addition to their wages three meals a day at the restaurant.

As a part of the stipulation as to facts, there is a statement of the gross income from the Hotel Theresa property for the years from 1915 to 1920, and a summary of the main items of expense in connection with the same property for the same years. The gross income was in 1915 $225,892.41. In 1920 the gross income was $475,651.40. The expenses in 1915 amounted to $172,058.51, and in 1920 to $298,429.74. The net income in 1915 was $53,833.90 and in 1920, $177,221.66.

The executors and trustees have computed their commissions on the gross income from the Hotel Theresa which has been allowed by the surrogate, with certain deductions for the receipts from the restaurant, ice plant and laundry. This, in my opinion, was clearly error. In *Beard* v. *Beard* (140 N. Y. 260, 265) the rule in regard to commissions to be allowed is stated as follows: " We think the true rule for allowance of statutory commissions is this: Trustees are entitled to commissions for receiving all moneys which constitute the corpus of the estate, and any additions thereto from increase of any kind, and thus the moneys upon which commissions are to be computed can never exceed the gross amount of the estate and its net income; and the moneys paid out upon which commissions may be computed are the moneys paid out of the estate for debts, expenses of administration and to legatees or other beneficiaries, moneys which operate to diminish the estate as it exists in the hands of the trustees and pass out of and away from the estate. This rule excludes commissions upon investments and re-investments and moneys disbursed and received in the conduct of a business carried on to produce net income. In the case of such business, the commissions are to be computed on

the net income only which came to the corpus of the estate as an increase thereof. If this rule does not in all cases give adequate compensation to trustees, no great injustice can flow from its operation, as trustees are not obliged to act and thus execute a trust which would be unprofitable or burdensome to them; and that the rule will operate beneficially in most cases and subserve the best public policy cannot be doubted."

The respondent contends that this rule would work a great hardship in many cases. This objection was answered in *Matter of Hayden* (54 Hun, 197, 205; affd., 125 N. Y. 776), in which the trustees were held entitled to no commissions because the business conducted by them produced no profit, which is cited with approval in *Beard* v. *Beard* (*supra*, p. 264).

Respondent contends that the amendment to section 2753 of the Code of Civil Procedure (now Surrogate's Court Act, § 285, as amd. by Laws of 1921, chap. 440) has changed the rule and rendered the foregoing cases and those decided in reliance thereupon inapplicable. Prior to the amendment the section in so far as material read: "The value of any real or personal property distributed or delivered, shall be considered as money in making computation of commissions." (See Laws of 1914, chap. 443.) The amendment (Laws of 1916, chap. 596) inserted between the words "property" and "distributed" the following: "and the increment thereof, received." (See, also, Laws of 1919, chap. 279, amdg. said § 2753 by insertion after "property" of the words "to be determined in such manner as the surrogate may direct.") It will thus appear that the amendment was not contrary to the rule laid down in *Beard* v. *Beard*, but harmonized the statute with the decision.

The decree of the Surrogate's Court in so far as appealed from should be reversed, with costs to appellant payable out of the estate, and the matter remitted to the surrogate to proceed in accordance herewith.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Decree reversed, with costs to appellant payable out of the estate, and matter remitted to the surrogate to proceed in accordance with opinion.