In the Matter of the Judicial Settlement of the Intermediate Account of RICHARD LATHERS, JR., and RICHARD O'GORMAN as Trustees of the Trust Created for the Benefit of EMMA L. SIMPSON under the Last Will and Testament of RICHARD LATHERS, Deceased.

Surrogate's Court, Westchester County, February, 1924.

Trusts — real property bought in at foreclosure — commissions of trustees — Surrogate's Court Act, § 285(8).

Where upon the foreclosure of certain mortgages, items of trust funds, the real property was bought in for the estate, the commissions of the testamentary trustees under section 285(8) of the Surrogate's Court Act are to be computed upon the moneys received from rentals of said real property and the moneys paid for taxes and the upkeep of the real property so purchased.

PROCEEDINGS to settle accounts of trustees.

*E. J. O'Gorman*, for trustees.

*Sackett, Chapman, Brown & Cross*, for beneficiaries.

SLATER, S. Upon this accounting a contention has arisen regarding the payment of commissions to trustees. It appears that certain mortgages, items of trust funds, have been foreclosed and the real property bought in for the trust estate. Consequently, rents were received and moneys paid for taxes and the upkeep of the real property so purchased.

It is contended by the respondents that the trustees are only entitled to commissions upon the *net* income of such real estate, following the principle laid down in *Beard* v. *Beard*, 140 N. Y. 260, and *Matter of Sidenberg*, 204 App. Div. 255. These decisions hold that commissions should not be awarded to executors or trustees on the gross income of a *business*. The *Beard* case says (p. 265): " This rule excludes commissions upon investments and reinvestments and moneys disbursed and received in the conduct of a business carried on to produce net income. In the case of such business, the commissions are to be computed on the net

income only which came to the corpus of the estate as an increase thereof."

Section 285 of the Surrogate's Court Act provides for the payment of commissions " for receiving and paying out all sums of money." There is no question regarding the right to receive commissions upon sums collected as rentals of real estate left by a decedent and forming part of a trust fund, or sums paid out for repairs, taxes and other proper payments for upkeep of the real estate. *Matter of McDowell,* 102 Misc. Rep. 275, 302, 303; affd., 193 App. Div. 914; mod. & affd., 230 N. Y. 601; *Matter of Smith,* 86 Misc. Rep. 136, 141; *Matter of Mason,* 98 N. Y. 527; *Matter of Selleck,* 111 id. 284; *Beard* v. *Beard, supra.*

There is no difference between the payment of commissions on income received and disbursed as stated in the instant case, and where mortgages being part of the trust estate have been foreclosed, and the real property purchased and held for the trust. The real property thus acquired on foreclosure at once took on the character of the mortgage indebtedness, was personalty in the hands of trustees. *Haberman* v. *Baker,* 128 N. Y. 253; *Cook* v. *Wright,* 160 App. Div. 64. It is the duty of the trustees to convert such real estate into money and account for the proceeds (*Lockman* v. *Reilley,* 95 N. Y. 64), and any loss disclosed on the accounting would be subject to the scrutiny of the court.

The *Beard Case, supra,* relates to awarding of commissions upon the gross sum of money accounted for in carrying on a business venture. It denies the right to the payment of commissions upon a revolving sum. There is a turnover and a repeated use of the same money in a profitable business venture. Commissions cannot be taken on the expenses of a business.

Commissions are not allowed upon investments and reinvestments of securities in the hands of trustees. The same principle controls the case of commissions upon a business turnover so well appl'ed and set forth in *Beard* v. *Beard, supra.*

The facts of the instant case are wholly different, and the contention of the respondents is untenable.

Commissions may be computed upon the money received from rentals of real estate so foreclosed and held for the trust, and on sums paid out as charges in behalf of said real estate, the same as would be allowed upon principal on a judicial settlement.

The accounting clerk will check the item of commissions and a sum will be allowed in conformity with the facts disclosed by the account, and according to the 8th paragraph of section 852 of the Surrogate's Court Act. *Matter of McDowell, supra.*

Decreed accordingly.