In the Matter of the Estate of FRANK J. TRIUMPHO, an Incompetent Person.

THOMAS D. TRIUMPHO, as Committee of the Person and Estate of FRANK J. TRIUMPHO, an Incompetent Person, Appellant; VETERANS' ADMINISTRATION, Respondent.

Third Department, March 3, 1937.

*Edward R. Hall* [*George H. Hall* of counsel], for the appellant.

*James A. Clark* [*William A. Gillcrist* of counsel], for the Veterans' Administration, respondent.

*Carl S. Salmon,* special guardian, etc.

RHODES, J.  Thomas D. Triumpho, of St. Johnsville, N. Y., was appointed committee of the person and estate of his brother, Frank J. Triumpho, by order of the Supreme Court on November 3, 1927, said incompetent being a patient at the Veterans' Administration Facility, Lyons, N. J.  The committee owns and resides on a large farm and the incompetent was permitted to visit him for periods of two or three months at a time.  The committee purchased clothing and other necessaries for the incompetent and furnished him money to spend, and filed an annual report each year.

On December 26, 1935, the court below, upon application of the Veterans' Bureau, made an order directing the filing of an intermediate account by the committee and appointing a special guardian to represent the interests of the incompetent in the proceeding. The committee thereupon filed an account of his receipts and disbursements to January 23, 1936; the special guardian made a

report of his investigation of the matter from which it appears that the committee had from time to time withdrawn from the funds on deposit in his name as committee moneys which he had used for the payment of taxes on his real estate and for other purposes. That of the amount of $554, appearing to be the balance of the account which the committee was supposed to have in his hands, there was a shortage of $184.57, as to which amount the committee acknowledged his indebtedness and his readiness to repay with interest.

The court thereupon made an order stating and settling the accounts of the committee which as thus settled, charged such committee with the balance on hand of $532.79, which included the said shortage which the committee is obligated to replace and repay. The court, nevertheless, in addition to said balance of $532.79 to be chargeable to the committee again surcharged the committee with said shortage of $184.57, which the committee was directed to repay, and fixed the fee of the special guardian at the sum of $150, which the committee was also directed to pay out of his personal funds.

The summary of the account and the balance fixed by the order appealed from is concededly erroneous. For the purpose of permitting this court to restate and resettle the account complete without the necessity of remitting the matter, the committee has filed a supplemental statement of his receipts and disbursements from and after January 23, 1936, and the parties have stipulated that a summary statement of the intermediate account as settled by the order appealed from be corrected and stated as follows:

| | | |
|---|---:|---:|
| Total receipts, being property, money and interest received to January 23, 1936 | | $4,133 08 |
| Disbursements for the period referred to.. | $3,398 13 | |
| Commissions received | 144 72 | |
| Total disbursements | | 3,542 85 |
| Leaving the balance | | $590 23 |
| That to said balance shall be added items of interest as follows: | | |
| June 1, 1936 | $2 68 | |
| July 20, 1936 | 1 23 | |
| | | 3 91 |
| Making total balance of | | $594 14 |

Since January 23, 1936, and until July 24, 1936, the committee claims credit for disbursements made, expenses incurred and commissions claimed to be due upon the balance for which no commissions have heretofore been deducted, such credits totaling $352.97, leaving a balance of $204.94.

In behalf of the Veterans' Bureau objection is made to certain items of claimed credits; among other items is one amounting to $89.08, expense of printing on this appeal; also a claimed credit for commissions not yet received amounting to $27.89. Also objection is made to the allowance of any commissions whatever to the committee because of his irregularities in the administration of the affairs of his office.

In behalf of the committee the court is requested to modify the order below by striking out the provisions requiring the committee out of his personal funds to pav the fees of the special guardian.

The order appealed from was granted July 24, 1936. It enjoined the committee from acting in any manner whatsoever concerning the estate except as therein directed, appointed a substituted committee and directed the accounting committee to make the payments therein directed and to pay the balance to the substituted committee upon his qualifying by the giving of a bond.

The supplemental statement furnished by the committee, together with the stipulation, seems to bring the account down to date as it appears that the Veterans' Bureau has withheld further payment to the committee since October, 1935.

There is no question that the manner of handling the funds of the estate by the committee was irregular and that the court had authority to refuse him any commissions and to order him to pay personally the fees of the special guardian (*Matter of Hidden*, 243 N. Y. 499), but the record indicates that the committee acted in good faith, he frankly acknowledged having borrowed the money and it appears that he has repaid the same. (See *Beard* v. *Beard*, 140 N. Y. 260, at p. 266.)

Upon repayment of the amount withdrawn the estate will have sustained no loss or disadvantage and none of the funds of the estate have otherwise been misapplied or misappropriated.

Apparently the committee has endeavored to promote the welfare of his brother. Under the circumstances the committee may in justice be exonerated from the obligation to pay personally the fee of the special guardian, inasmuch as the appointment of a special guardian would have been proper in any accounting proceedings herein.

As to the commissions which the committee has heretofore paid to himself, they are allowed to him and he is permitted to retain the same. As to the claimed commissions of $27.89 not yet allowed or paid to him the same are disallowed.

The order should be modified by restating and resettling the account as follows:

Total amount with which the committee is chargeable until July 24, 1936, the date of his removal — receipts $4,136 99
Total disbursements and credits.................... 3,867 93

. Leaving a balance with which the committee is chargeable of............................. $269 06

The sum of $150 awarded by the court below to the special guardian and directed to be paid by the committee personally may be directed paid to said special guardian out of the balance of the fund chargeable to the committee and not by the committee personally. Costs of the appeal to the special guardian in the sum of twenty-five dollars and printing disbursements to be allowed payable out of the fund; printing disbursements to the Veterans' Bureau should be awarded payable out of the fund. The balance of said fund should be directed paid over by said accounting committee to the substituted committee.

The order appealed from as thus modified, should be affirmed, without costs, except as above specified.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Order modified in accordance with opinion, and as so modified, affirmed, without costs, except as therein specified.